```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
Ivan Monserrate, *pro se*,                            :
                                                      :
                         Petitioner,                  :
                                                      :      **MEMORANDUM AND ORDER**
              -against-                               :
                                                      :      07-CV-4518 (DLI)
United States of America,                             :
                                                      :
                         Respondent.                  :
-------------------------------------------------------x
```
**DORA L. IRIZARRY, U.S. District Judge:**

Ivan Monserrate ("petitioner") filed this petition, *pro se*, for a writ of *habeas corpus*, challenging his sentence pursuant to 28 U.S.C. § 2255. On December 1, 2005, petitioner pled guilty to one count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i). On November 1, 2006, this court sentenced petitioner to 105 months of imprisonment followed by three years of supervised release. Petitioner argues that he received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution, because his attorney failed to object to the amount of money that petitioner was held accountable for laundering and because his attorney failed to seek a downward departure in his sentence in anticipation of a potential sentencing disparity between petitioner and co-defendant Edgar Colon, whom this court sentenced almost one year after petitioner. For the reasons set forth below, the petition is denied.

**I.     Background**

On January 22, 2005, petitioner and co-defendant Edgar Colon were arrested at John F. Kennedy airport ("JFK") after checking into a flight from JFK to Puerto Rico together. At check-in, petitioner checked a suitcase containing approximately $159,000 in drug proceeds intended for use by Colon to purchase drugs. (Resp't Br. at 1.) At the time of their arrest,

petitioner and Colon carried approximately $5,000 and $6,000 in cash on their persons, respectively. (*Id.*)

On December 1, 2005, petitioner pled guilty, pursuant to a plea agreement, to one count of money laundering approximately $170,257 in drug proceeds in violation of 18 U.S.C. § 1956(a)(1)(B)(i). Pursuant to the plea agreement, petitioner expressly waived his right to appeal or collaterally attack his conviction or sentence if the court sentenced petitioner to a term less than or equal to 115 months. (Plea Agreement at ¶ 4.) When calculating petitioner's sentence, this court found a base-offense level of eighteen to be appropriate. (U.S.S.G. §§ 2S1.1(a)(2), 2B1.1(b)(1) (2006); Resp't Br. Ex. F.) Determining that petitioner knew or consciously avoided knowing that the laundered funds were proceeds from narcotics trafficking, the court increased the base-offense level by six points, for a total of twenty-four points. (U.S.S.G. § 2S1.1(b)(1); Resp't Br. Ex. F at 9.) After considering challenges to petitioner's criminal history calculation, including a successful challenge resulting in a one-point reduction in criminal history points, the court determined that a criminal history category V was appropriate. (Resp't Br. Ex. F at 9.) In light of petitioner's base-offense level of twenty-four and a criminal history category of V, petitioner's U.S.S.G. range was 92 – 115 months. (Plea Agreement at ¶ 2.) On November 1, 2006, the court sentenced petitioner to 105 months of incarceration followed by three years of supervised release. (J. of Conviction at 2-3.) Petitioner did not file a direct appeal. (Resp't Br. at 2; Pet. at 2.) On October 22, 2007, petitioner filed the instant petition, *pro se*, challenging the validity of his guilty plea by arguing that his attorney denied him effective assistance of counsel.

## II.    Discussion

### A.    **Petitioner Waived His Right to Seek *Habeas* Relief**

Petitioner waived his right to seek *habeas* relief when he agreed to "not to file an appeal or

otherwise challenge his conviction or sentence in the event that the Court imposes a term of imprisonment of 115 months or below." (Plea Agreement at ¶ 4.) As petitioner received a sentence of 105 months of imprisonment, which was below the threshold stipulated in his plea agreement, petitioner waived his right to challenge his conviction.

In general, the Second Circuit rejects attempts to challenge a conviction where a petitioner waived that right pursuant to a written plea agreement. *See Garcia-Santos v. United States*, 273 F.3d 506 (2d Cir. 2001); *United States v. Pipitone*, 67 F.3d 34, 39 (2d Cir. 1995). Courts have also enforced such waivers when a petitioner agrees, pursuant to a written plea agreement, not to challenge a sentence within a stipulated Sentencing Guidelines range. *See Garcia-Santos*, 273 F.3d at 508-9 (holding that a petitioner's waiver of appeal and collateral attack binding in a § 2255 proceeding where the imprisonment term is within the stipulated guideline range); *Pipitone*, 67 F.3d at 39 (holding that a petitioner's "explicit undertaking in the [Plea] Agreement not to appeal a sentence that fell within a guideline range" precluded him from both directly appealing or collaterally challenging his sentence). Here, the record is clear that petitioner signed the written plea agreement and knowingly and voluntarily waived his right to seek *habeas* relief.

B.  Petitioner's Claim of Ineffective Assistance of Counsel is Without Merit

Petitioner seeks to circumvent the waiver of his right to appeal by raising claims of ineffective assistance of counsel. The Second Circuit has found that "a plea agreement containing a waiver of the right to appeal is not enforceable where the defendant claims that the plea agreement was entered into without effective assistance of counsel." *United States v. Hernandez*, 242 F.3d 110, 113-114 (2d Cir. 2001) (citing *United States v. Djelevic*, 161 F.3d 104, 117 (2d Cir. 1998)). Therefore, a waiver is not enforceable if a defendant can demonstrate

that he unknowingly or involuntarily agreed to the plea directly due to the ineffective assistance of his counsel during the negotiating of the plea agreement. *Hernandez*, 242 F.3d at 113-114.

Petitioner claims a violation of his Sixth Amendment right to effective assistance of counsel because his attorney: (1) failed to object to the amount of money that petitioner was held accountable for pursuant to the Sentencing Guidelines; and (2) failed to argue for a downward departure due to a potential sentencing disparity between petitioner and co-defendant Edgar Colon. The court evaluates petitioner's claim under the framework set forth in *Strickland v. Washington*, 466 U.S. 668, 690-91, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "A defendant must first establish that counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." *Strickland*, 466 U.S. at 688. If that burden is overcome, the petitioner must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. In light of this standard, even if petitioner did not waive his right to appeal or collaterally attack his conviction or sentence, he has failed to establish that his attorney provided ineffective assistance.

Petitioner's claims that his trial counsel was ineffective by failing to object to the amount of money for which he was held accountable under the Sentencing Guidelines. Petitioner argues that he was "unaware of any amount of money contained in the seized rolled bag" and, as a result, his sentence was improperly enhanced and should be corrected. (Pet. at 5.) Under U.S.S.G. § 1B1.3(a)(1)(B), the petitioner is responsible for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity" in which he "aided" and "abetted." In addition, with respect to offenses involving contraband, defendant is

responsible for "all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook." *Id.* at cmt. n.2; *see also United States v. Thorn*, 317 F.3d 107, 123 (2d Cir. 2003) (indicating that the money laundering base offense level is calculated by including relevant conduct pursuant to U.S.S.G. § 1B1.3); *United States v. Chalarca*, 95 F.3d 239, 243 (2d Cir. 2003) (noting that defendant is properly sentenced for the total amount of contraband possessed regardless of whether he can foresee this amount and provided he directly participates in a joint undertaking (citing *United States v. de Velasquez*, 28 F.3d 2, 6 (2d Cir. 1994))).

During his plea allocution, petitioner admitted being aware that the money recovered from the suitcase stemmed from illegal activity.[1] Petitioner's testimony demonstrates that he participated with Colon in the illegal transport of over $120,000 to Puerto Rico on January 22, 2005 and was properly held responsible for the total amount recovered. In addition, this court previously determined that there was sufficient evidence that petitioner knew, or consciously avoided knowing, that he was laundering the proceeds of narcotics trafficking. (Resp't Br. Ex. F at 6.)[2] As such, his guideline calculation was properly based on a monetary amount between

---

[1] Court: So now I need for you to tell me in your own words what it is that you did with respect to this charge.
Petitioner: I had a suitcase and I checked it into the airport.
Court: Did that suitcase have the money that is alleged in the information?
Petitioner: Yes.
Court: What airport are we talking about?
Petitioner: JFK.
Court: And what were you intending to do with that money? What was going to happen to that money?
Petitioner: I was taking it out of New York.
Court: What was the source of that money?
Petitioner: Edgar Colon.
Court: And do you know how that money was obtained?
Petitioner: I know he doesn't have a legitimate source of income.
Court: Well, what do you believe was the source of the income?
Petitioner: Some sort of illegal activity.

[2] This Exhibit is a previous Order by this court, dated August 10, 2006, denying petitioner's motion objections to the U.S. Department of Probation's Presentence Investigation Report. The petitioner objected on the grounds that the offense-level calculation was erroneous and that two previous convictions were over-represented, resulting in an erroneous calculation of his criminal history category.

$120,000 and $200,000. Therefore, petitioner did not receive ineffective assistance when his attorney failed to argue that petitioner's ignorance as to the actual amount of money in the suitcase should result in a lower sentence, as petitioner's attorney can hardly be faulted for failing to raise a claim that is without merit.

In addition, the Supreme Court has held that "[t]he law does not require counsel to raise every available nonfrivolous defense." *Knowles v. Mirzayance*, 556 U.S. __, No. 07-1315, 2009 WL 74627, at *10 (U.S., Mar. 24, 2009) (comparing *Wiggins v. Smith*, 539 U.S. 510, 533 (2003) (explaining counsel's responsibility to present mitigating evidence at sentencing and finding that "*Strickland* does not require counsel to investigate every conceivable line of mitigating evidence no matter how unlikely the effort would be to assist the defendant.")). Here, even if petitioner's claim was supported by the law, defense counsel's failure to raise the claim at issue does not render the assistance ineffective. Defense counsel raised numerous arguments in support of a downward departure of petitioner's sentence. (Resp't Br. at Ex. C, D, E.) Indeed, defense counsel successfully obtained a one-point reduction in the petitioner's criminal history category calculation. (Resp't Br. Ex. F at 9.) In light of these circumstances, petitioner's attorney provided effective assistance concerning the calculation of petitioner's sentence.

Petitioner also argues that he was denied effective assistance of counsel because his attorney "did not consider for sentencing, the negotiations arranged among the government and [his co-defendant,] Edgar Colon." (Pet. at 5.) Petitioner asserts that had his defense counsel learned of negotiations between Colon and the government, his counsel would have been aware of any potential sentence disparity between the co-defendants and would have used this information to request a downward departure in petitioner's sentence. *Id*.

Petitioner's counsel had no basis to request a lower sentence based on the potential sentencing disparity between petitioner and co-defendant Colon. Under the relevant statutory provision, 18 U.S.C. § 3553(a)(6), a sentencing court must take into consideration "the need to avoid unwarranted sentence disparities among federal defendants with similar records who have been found guilty of similar conduct." *United States v. Fernandez*, 443 F.3d 19, 32 (2d Cir. 2006) (citing 18 U.S.C. § 3553(a)(6)). The Second Circuit, however, has not interpreted 18 U.S.C. § 3553(a)(6) to require that sentencing courts consider sentencing disparities among co-defendants' sentences, particularly when the co-defendants are not similarly situated. *United States v. Andino*, 277 Fed. Appx. 126, 128 (2d Cir. 2008); *United States v. Frias*, 521 F.3d 229, 236 (2d Cir. 2008) ("We have held that section 3553(a)(6) requires a district court to consider nationwide sentencing disparities, but does not require a district court to consider disparities between co-defendants."). The disparate sentences between petitioner and Colon were not unwarranted because they were not similarly situated. *See Id.*

In this case, the court sentenced petitioner in October 2006 and sentenced Colon nearly a year later, in September 2007. At the time of plea negotiations, petitioner's counsel was unaware of any ongoing plea discussions between Colon and the government, and it is unlikely that petitioner's counsel would have ever be made aware of such negotiations. To expect defense counsel to keep track of the concurrent plea negotiations and agreements of petitioner's co-defendant is not only a near impossible proposition logistically, but is also outside the realm of what should be expected from counsel providing effective assistance. Here, Colon pled guilty and cooperated with the government, while petitioner did not. *See United States v. Fearon-Hales*, 05-CR-5999, 2007 WL 1475630, at *3 (2d Cir. May 21, 2007) (finding that the disparate sentences are not unwarranted when co-defendants pled guilty and cooperated with the

7

government and the defendant did not); *United States v. Ebbers*, 458 F.3d 110, 129 (2d Cir. 2006) (explaining that different sentences among co-defendants were reasonable and readily apparent where co-defendants cooperated and defendant did not).

Consequently, it would be unreasonable to find counsel's failure to factor in a co-defendant's plea negotiations and the information discussed therein to be a denial of effective counsel. Defense counsel argued diligently against the findings of the Department of Probation's Pre-sentence Investigation Report. Defense counsel argued for a downward departure of petitioner's base-offense level and challenged the calculation of petitioner's criminal history category. (Resp't. Br. Ex. C.) It is clear that counsel rendered adequate assistance and exhibited reasonable professional judgment.

## III. Conclusion

For the reasons set forth above, petitioner's request for relief pursuant to 28 U.S.C. § 2255 on the grounds of ineffective assistance of counsel is denied in its entirety. Petitioner is further denied a certificate of appealability as he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* FED. R. APP. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

DATED:   Brooklyn, New York
         July 24, 2009

_____/s/_____

DORA L. IRIZARRY
United States District Judge